LAW OFFICE OF ROBERT P. KARWIN
29800 Bradley Rd., Suite 103
Menifee, CA  92586
Telephone:  (951) 246-4514
Facsimile:  (951) 246-8174
Email: rkarwin@karwinlaw.com

ROBERT P. KARWIN, ESQ. – SBN 190573

Attorneys for plaintiff, Mark Toucey

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| Mark Toucey,<br><br>   Plaintiff,<br><br>vs.<br><br>United States Postal Service, Shai Herrera, DOES 1-50, INCLUSIVE,<br><br>   Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.  General Negligence<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Mark Toucey, alleges upon information and belief as follows:

**NATURE  OF ACTION**

1.     This action arises from a motor vehicle collision that occurred on October 31, 2022, on Lake Matthews Road at the intersection with Estelle Mountain Road in an unincorporated area of Riverside County, California, in an area near the city of Perris. Defendant, Shai Herrera, was in the course and scope of her employment with defendant United States Postal Service. Ms. Herrers had parked her USPS vehicle along the curb facing westbound on Lake Matthews Drive. Plaintiff,

was traveling westbound, also on Lake Matthews Drive. Ms. Herrera pulled away from the curb and executed a u-turn, intending to reverse direction to travel east on Lake Matthews Drive. In doing so, she moved directly across the path of the plaintiff's oncoming vehicle, causing a collision.

## THE PARTIES

2.   At all relevant times, Plaintiff MARK TOUCEY (hereafter "PLAINTIFF") was an individual residing within the California County of Riverside.

3.   At all relevant times, Defendants UNITED STATES POSTAL SERVICE, was a governmental department, agency, and/or entity organized and existing under the laws of THE UNITED STATES OF AMERICA that, among other things, owned and operated motor vehicles where the subject incident occurred.

4.   At all relevant times, Defendants, Shai Herrera, was an individual residing in Perris, California (Riverside County) and was in the course and scope of her employment for defendant, UNITED STATES POSTAL SERVICE.

5.    The true names and capacities, whether individual, corporate,  associate, representative,  political, governmental, or otherwise, of Defendants named herein as DOES 1 through 50, inclusive, are unknown to PLAINTIFF at this time, and they are therefore sued by such fictitious names pursuant to California Code of Civil Procedure §474. PLAINTIFF will amend this complaint to allege the true names and capacities of DOES  **1** through 50 when  PLAINTIFF discovers such true identities.  Each of the DOE Defendants is in some manner legally responsible for the violations of law alleged herein.

6.   The acts charged in this complaint as having been done by Defendants and the DOE Defendants were authorized, ordered, ratified, or done by their officers, agents, employees, Representatives, and/or controlling governmental  departments/agencies,  while

actively engaged in the management of the Defendants' business or affairs.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to the Federal Tort Claims Action, which provides in relevant part that district courts have exclusive jurisdiction of civil actions against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the federal government while acting within the scope of his office or employment. 28 U.S.C. §1346(b).

8. Venue in this judicial district is proper pursuant to 28 U.S.C. § 139l(b) on the basis that: (1) a substantial part of the events or omissions giving rise to this action occurred within this judicial district; and (2) the parties are located within this judicial district.

## INTRADISTRICT ASSIGNMENT

9. This action should be assigned to the EASTERN DIVISION because the negligent acts, omissions, and events that are the subject of this complaint all occurred within the County of Riverside and the Plaintiff resides in Riverside County.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. On or about December 1, 2022, PLAINTIFF filed a written tort claim, by and through the submission of a "Standard Form 95—Claim For Damage, Injury, or Death" with the UNITED STATES POSTAL SERVICE. The written tort claim was based on the October 31, 2022 personal injury incident that is the subject of this complaint.

11. The UNITES STATES POST OFFICE failed to provide notice of rejection of claim prior to the running of the applicable statute of limitations.

12. Accordingly, PLAINTIFF has fully complied with and exhausted his administrative remedies under the Federal Tort Claims Act.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13. The location of the subject motor vehicle collision (hereinafter "LOCATION") where the Plaintiff was injured is located in or about an unincorporated area of Riverside County, California, near the city of Perris.

14. At all relevant times, LOCATION was open to the general public, including PLAINTIFF, for public use and enjoyment.

15. Defendants, Shai Herrera and Does 1 to 50, inclusive, in the manner described above, operated a vehicle negligently in the course and scope of employment for defendants, UNITED STATES POSTAL SERVCIE and Does 1 to 50, inclusive.

16. Defendants, Shai Herrera and Does 1 to 50 inclusive, made an unsafe and illegal turning maneuver on a public roadway, causing a collision with plaintiffs' vehicle.

17. As a direct and proximate result of the acts and omissions stated herein, the plaintiff suffered muscle strains, ligament strains, and segmental and somatic dysfunction to her cervical spine, thoracic spine, and lumbar spine, as well as headaches, muscle spasms, and myofascial pain syndrome.

18. PLAINTIFF sought care from a variety of health care providers, incurring related costs for that care.

19. The wrongful acts and/or omissions of Defendants, and each of them, described do not involve the exercise of discretion or the weighing of social, economic, political, or policy considerations.

## FIRST CAUSE OF ACTION

### (Negligence – Against All Defendants and DOES 1-50)

20. PLAINTIFF repeats and re-alleges, as if fully set forth herein, each and every allegation contained in paragraphs 1-19 above and further alleges:

21. At all relevant times, Defendants, and each of them, owed duties of care to the general public, including PLAINTIFF, to operate a vehicle on a public roadway in a safe and prudent manner, in obedience of all traffic laws, so as not to cause a hazard or harm to other drivers.

22. Defendants, and each of them, breached their duties of care by, among other things, making and unsafe and illegal turning maneuver upon a public roadway, and failing to yield right of way to oncoming traffic, as required by law.

23. At all relevant times, PLAINTIFF was exercising reasonable care and caution for his own safety, and was properly observing all applicable traffic laws.

24. As a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants, and each of them, PLAINTIFF suffered extensive bodily injuries as described herein. Additionally, PLAINTIFF has incurred substantial past medical expenses; will incur substantial future medical expenses; has suffered a loss of earning potential; and has suffered substantial emotional distress, mental anguish, anxiety, and stress.

25. The negligence, carelessness, recklessness, and/or other wrongdoing of Defendants, and each of them, was a substantial factor in causing the injuries and damages sustained by PLAINTIFF.

## **PRAYER FOR RELIEF**

26. WHEREFORE, PLAINTIFF prays for judgment as against Defendants, and each of them, jointly and severally, as follows:

    1. For general (non-economic) damages of $100,000.00 or according to proof;

    2. For special (economic) damages of $29,885.23, or according to proof;

2. For prejudgment interest as permitted by law;

3. For costs of suit herein;

4. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff MARK TOUCEY hereby demands a trial by jury for all issues so triable.

Dated:   October 15, 2024         LAW OFFICE OF ROBERT P. KARWIN

By: _____
Robert P. Karwin
*Attorneys for plaintiff, Mark Toucey*